CHARLES H. BECKFORD & another *vs.* LEVI HILL & others.

Middlesex.　Jan. 29. — June 29, 1878.　ENDICOTT & SOULE, JJ., absent.

On the issue whether A. was a member of the firm of B. and C., B. testified that A. agreed to put in the capital if B. and C. would do the work, but, on cross-examination, testified that B. and C. gave their note for certain goods received from A., and in the settlements had with A. no account of profits had ever been made to him. *Held*, that an instruction to the jury that "if they believed B.'s testimony to be true, it would make A. a partner," was erroneous.

CONTRACT, for goods sold and delivered, against Levi Hill, William Bartlett and James F. Andrews as members of the firm of Hill & Bartlett.　Answer: 1.　A general denial; 2. A composition deed executed by the plaintiffs with Hill and Bartlett, whereby the plaintiffs agreed to accept a certain sum in full satisfaction of their claim; 3. Payment by the note of Andrews; 4. A denial that Andrews was a member of the firm.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiffs admitted signing the composition deed, at which time they took the promissory note of Andrews for an amount equal to fifty per cent. of their claim, and also a release for trespass in attaching the goods claimed by Andrews under a bill of sale; but called one of their attorneys, who was permitted to testify, against the objection of the defendants, that, at the time of signing the composition deed, Andrews agreed with him that the next Monday he would either pay him the money or a note indorsed by his brother; that he took the individual note of Andrews, not in payment of the twenty per cent. or in payment of the claim, but as security for the money or indorsed note to be paid the next Monday; and that, when making tender, the defendants asked for a receipt in full.

To prove that the defendants were partners, the plaintiffs called the defendant Hill, who testified that Andrews agreed to put in the capital if he and Bartlett would do the work; but, on cross-examination, admitted that he and Bartlett gave their note for the goods received of Andrews, and, in the settlements had with Andrews, no account of profit had ever been made to him. The other defendants testified that no such agreement was made,

but that a conversation was had in which Andrews said something about becoming a member of the firm at the expiration of one year.

The judge instructed the jury, that, if they believed Hill's testimony to be true, it would make Andrews a partner. The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*B. F. Briggs*, for the defendants.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiffs.

AMES, J. It became important at the trial to determine whether Andrews was a copartner with Hill and Bartlett, when the debt was contracted, and when the composition deed was signed and delivered by the plaintiffs. If the three were really partners, and the plaintiffs were induced to execute the composition deed with no knowledge or reasonable cause of knowledge that Andrews was one of the firm, the composition would not be binding upon the plaintiffs. Although the bill of exceptions does not purport to give the entire testimony of Hill, we must assume that it gives all of it that was relied upon to support the instruction to the jury, that " if they believed Hill's testimony to be true, it would make Andrews a partner." That testimony, taken together as reported in the bill of exceptions, is consistent with the theory that Andrews was a creditor of the firm, rather than a member of it. It may have been that although an executory agreement was made which if carried out would have made him a partner, yet the final result was that he furnished Hill and Bartlett with goods, taking their promissory note for them ; and no evidence is reported to the effect that he shared, or was to share, in the profits, or was held out as a partner. The verdict may have been given entirely on this ground.

As this difficulty appears to be decisive, we have not thought it necessary to consider the other questions presented.

*Exceptions sustained.*